IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOUIS REED, JR.,
Inmate No. 364012,
    Plaintiff,

vs.                                        Case No.: 3:17cv126/RV/EMT

GEO GROUP, INC., et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 4).

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 4).

Plaintiff answered "No" to each of the four questions in that section regarding any cases he might have previously filed. As is particularly relevant here, Question C asks, "Have you initiated other actions . . . in either State or Federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 5, emphasis supplied). Plaintiff answered "No" to this question. Question D asks, "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (*id*. at 5). Again, Plaintiff answered "No" to this question.

In effect, Plaintiff has stated that he has filed no other previous federal cases in either state or federal court that related to the fact or manner of his incarceration or the conditions of his confinement, including habeas corpus petitions, and that he has filed no cases in federal court that have been dismissed as frivolous, malicious, for failing to state a claim, or prior to service.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY**

**THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 13).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed the following civil rights case in this district:

- Reed v. Mitchell, Case No. 1:91-cv-10134-MP-WCS, filed on September 17, 1991, and dismissed on summary judgment.

Additionally, Plaintiff has filed the following civil rights cases in the United States District Court for the Middle District of Florida:

- Reed v. Wasi, Case No. 8:91-cv-00823-WJC, filed on July 3, 1991, and dismissed prior to service;

- Reed v. Hardeman, Case No. 8:90-cv-01524-WJC, filed on December 10, 1990, and dismissed prior to service;

- Reed v. State of Florida Legislature, Case No. 8:90-cv-00519-UA, filed on April 30, 1990, and dismissed as frivolous, appealed, and dismissed on appeal;

- Reed v. PRIDE of Florida, Case No. 8:90-cv-00238-WJC, filed on March 1, 1990, and dismissed prior to service;

- Reed v. Johnson, Case No. 8:90-cv-00075-WJC, filed on January 22, 1990, and dismissed prior to service; and

- Reed v. Polk County Old Jail, Case No. 8:89-cv-01456-WJC, filed on October 27, 1989, and dismissed on an unknown basis.

The court also takes judicial notice of the following habeas corpus petitions filed in this district:

- Reed v. United States District Court, Case No. 5:15-cv-00174-LC-CJK, filed on July 20, 2015, and dismissed on the merits, appealed and dismissed on appeal;

- Reed v. McNeil, Case No. 5:10-cv-00264-MW-CJK, filed on October 4, 2010, and dismissed the merits, appealed and dismissed on appeal;

- Reed v. McDonough, Case No. 4:07-cv-00047-SPM-AK, filed on February 8, 2007, and dismissed on the merits; and

● Reed v. Singletary, Case No. 3:95-cv-30523-LC, filed on November 22, 1995, and dismissed the merits, appealed and dismissed on appeal.

Additionally, Plaintiff has filed the following habeas corpus petitions in the United States District Court for the Middle District of Florida:

● Reed v. Florida Parole Commission, Case No. 8:10-cv-02107-SDM-EAJ, filed on September 17, 2010;

● Reed v. Moore, Case No. 3:99-cv-01196-RWN, filed on December 6, 1999;

● Reed v. State of Florida, Case No. 8:93-cv-00051-UA, filed on January 11, 1993;

● Reed v. State of Florida, Case No. 8:91-cv-00383-WTH, filed on March 25, 1991; and

● Reed v. Davis, Case No. 8:90-cv-01068-WTH, filed on August 27, 1990.[1]

Plaintiff failed to disclose any of these-previously filed cases despite the fact that they are either prisoner civil rights actions or habeas corpus actions that are expressly identified as a type of federal action that was responsive to Question C. Additionally, at least one of the cases was dismissed as frivolous and therefore was responsive to Question D. Although some of these cases are old, the sheer number of

---

[1] These previous cases are all identified by Plaintiff's name, and those that exhibit an inmate identification number bear the number 364012, which is the same number which Plaintiff identifies as his inmate number in the instant action.

Case No.: 3:17cv126/RV/EMT

them, plus the fact that some contain lengthy litigation histories, dispel the notion that Plaintiff might have simply forgotten about them. Moreover, it also should be noted that there appears to some redundancy to Plaintiff's earlier-filed cases, which is always of concern to the court in its effort to manage pro se litigations. These concerns further underscore the need for disclosure of these cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of this action may result from his untruthful answers.[2] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons

---

[2] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 4) (emphasis and capitalization in original).

Case No.: 3:17cv126/RV/EMT

that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[3]  <i>See</i>, <i>e.g.</i>, <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal

---

[3] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. <i>See</i> Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

Case No.: 3:17cv126/RV/EMT

court . . ."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e).

2. That any pending motion be denied as moot.

At Pensacola, Florida, this 20th day of June 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**